ORIGINAL

Lenore L. Albert, Esq.  SBN 210876
LAW OFFICES OF LENORE ALBERT
14272 Hoover St #69
Westminster, CA 92683
Telephone (424) 365-0741
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Debtor, pro se



FILED
JUN 21 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT<br><br>Debtor,<br><br>LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT,<br><br>Petitioner/Plaintiff(s),<br><br>v.<br><br>IRWIN TESSLER; MICHAEL TESSLER; VIEWCREST ROAD PROPERTIES, LLC; ART CARVALHO;<br><br>Respondents/Defendants. | Chapter 7<br>CASE NO. SA 8:18-bk-10548-ES<br>ADVERSARY NO. _____<br>Assigned to the Hon. Erithe A. Smith, Ctrm: 5A – Fifth Floor<br><br>**COMPLAINT SEEKING DECLARATION THAT VIEWCREST DEBT IS DISCHARGEABLE; EXTORTION**<br><br>[523(A)(2)] |

1. Debtor alleges as follows:

1
COMPLAINT
Albert-Sheridan v Tessler, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

## Nature of the Action

2. This is an adversary proceeding by which the Debtor seeks a declaration that attorney fee award from defendant(s) does not constitute a debt that cannot discharged under Bankruptcy Code section 523(a) and, therefore, such loan(s) should not be excepted from discharge under section 523 of the Bankruptcy Code. In the alternative, the Debtor seeks a declaration that any such debt as may be determined to constitute an undue hardship for the Debtor; it was obtained by fraud and/or extortion and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

## Jurisdiction and Venue

3. On or about February 20, 2018 the Debtor filed a voluntary petition in this Court for relief under chapter 13 of the Bankruptcy Code.
4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.
5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## Factual Allegations

7. Plaintiff substituted into the wrongful eviction action of Mackovska v Viewcrest Properties, LLC in or about 2017.
8. Trial occurred by bench before judge Alacorn in the Los Angeles Superior Court in the fall of 2017.
9. The first two witnesses to testify were police office for the Los Angeles Police Department.
10. Both police officers testified that plaintiff had a right to remain in possession of the premises and that when they were called out to the property they did not evict plaintiff. They also testified that defendant was advised to speak to an attorney because if he believed he had a right to possession he could not use self help.

2
COMPLAINT
Albert-Sheridan v Tessler, et al
In re Lenore Albert-Sheridan                                SA 8:18-bk-10548-ES

11. Defendant admitted he used self help.
12. The court found in defendant's favor.
13. The Defendant and their attorney supplied the court with the State Bar charges pending against Debtor prior to the beginning of trial.
14. At the conclusion of trial the Defendant and their attorney then moved for sanctions for bringing the lawsuit.
15. The court awarded Defendants approximately $70,540.95 in sanctions against Debtor and her clients, being aware of the State Bar charges against Debtor in the case of 10675 S Orange Park Blvd LLC.
16. Defendant never had one expert witness testify to refute the police officers' opinion and the law is clear in California that a person cannot use self help.
17. Debtor has appealed.
18. Prior to the trial, Defendants through counsel threatened that they would file and obtain sanctions against Debtor if she continued to represent her clients in the case.
19. Like the other law firms before, they brought up the State Bar charges and that they would be filed to humiliate Debtor before the court.
20. Defendants attorney, Art Carvalho, refused to give Plaintiff's counsel a copy of their trial exhibits until the first day of trial. In their trial exhibits presided the State Bar charges against Debtor which was given to the court. Apparently he had an email exchange with another attorney referring to Debtor as a 'schmuck.'
21. Debtor objected because she did not get the trial exhibits until trial but the court would not consider the objection.
22. This is not an attempt to appeal the court's decision. That decision is being appealed in the proper forum. However, the trustee intends to pay this defendant and that payment should be denied because the amount was created through an act of attempted extortion or other type of bad faith action.

3
COMPLAINT
Albert-Sheridan v Tessler, et al
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

### First Claim for Relief

*Declaration That the Loan Is Not a Student Loan*

23. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

24. The attorney fee award made by the court to Viewcrest Road Properties, LLC, Irwin Tessler, and Michael Tessler is not a debt that cannot be discharged in bankruptcy within the meaning of section 523(a) of the Bankruptcy Code.

25. As a result, that amount of the debt due Viewcrest Road Properties, LLC, Irwin Tessler, and Michael Tessler should be discharged pursuant to Bankruptcy Code section 727.

### Second Claim for Relief, In the Alternative

*Declaration That Any Obligation to Key Bank or TERI Should Be Discharged Due to Unclean Hands*

26. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. If the Court determines that all or a portion of the debt is not dischargeable, the repayment of such student loan by the Debtor would be an undue hardship to the Debtor.

28. State law demands that sanctions cannot be placed on an attorney that cannot afford to pay them. (Kohler, In re Ringgold). As a result, the debut should be dischargeable.

29. Additionally, the debt was created through threats of intimidation and attempted extortion or blackmail. At the very least the defendants have unclean hands.

30. WHEREFORE, the Debtor demands judgment: (i) declaring that the debt owed to Viewcrest Road Properties, LLC, Irwin Tessler, and Michael Tessler is not a nondischargeable debt and, therefore, has been discharged pursuant to Bankruptcy Code section 727; (ii) in the alternative, if the Court finds that all or part of the

4
COMPLAINT
Albert-Sheridan v Tessler, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

debt is nondischargeable, it is dischargeable due to the undue hardship it would cause, the order was void as a matter of law, it was obtained by fraud, trick, attempted extortion or blackmail or Defendants have unclean hands and for such other and further relief as the Court may deem just and proper.

Dated: June 21, 2018    Respectfully Submitted,
/s/ Lenore L. Albert
Lenore L. Albert, Esq.
Debtor, pro se

5
COMPLAINT
Albert-Sheridan v Tessler, et al
In re Lenore Albert-Sheridan    SA 8:18-bk-10548-ES

ORIGINAL

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LENORE LUANN ALBERT-SHERIDAN<br>d/b/a LAW OFFICES OF LENORE ALBERT | **DEFENDANTS**<br>IRWIN TESSLER; MICHAEL TESSLER;<br>VIEWCREST ROAD PROPERTIES, LLC; ART CARVALHO; |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lenore Albert<br>14272 Hoover Street #69, Westminster Ca 92683<br>Ph: 424-365-0741 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[x] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[x] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT SEEKING DECLARATION THAT VIEWCREST DEBT IS DISCHARGEABLE; EXTORTION

RECEIVED
JUN 21 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[x] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[x] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [x] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 70,540.95 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
| --- | --- | --- | --- |
| NAME OF DEBTOR  LENORE LUANN ALBERT-SHERIDAN<br>d/b/a Law Offices of Lenore Albert || BANKRUPTCY CASE NO.   8:18-bk-10548-ES ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Southern | NAME OF JUDGE<br>Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| *[signature]* ||||
| DATE<br>6/21/18 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lenore Albert |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.